**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVINDER SINGH,

               Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

               Respondent.

No.    15-70135

Agency No. A087-473-270

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2018
San Francisco, California

Before: SILER,[**] PAEZ, and IKUTA, Circuit Judges.

Davinder Singh petitions for review of an order of the Board of Immigration

Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying his

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

claims for asylum, withholding of removal, and protection under the Convention

Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252.

The agency's adverse credibility determination was supported by substantial

evidence.  First, the IJ provided "'specific examples' of [Singh's] demeanor by

making 'explicit reference to particular unrecorded aspects of demeanor.'" *Manes*

*v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (per curiam) (quoting *Kin v.*

*Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010)).  Because the IJ noted in her decision

both the type of behavior involved as well as when it took place, the IJ's finding

that Singh's demeanor undermined his credibility was supported by substantial

evidence.  *See id.*  This, in turn, "sustains the IJ's adverse credibility

determination."  *Ling Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir. 2014).

Second, the IJ found that Singh's "testimony was fraught with

inconsistencies," and the record does not compel a contrary conclusion.

Substantial evidence supports the finding that Singh provided inconsistent

testimony regarding the identity of the person who made the arrangements for his

travel to the United States, and the nature of his activities in the United States.

Although on appeal Singh attempts to explain away these inconsistencies, "[i]t

cannot be said . . . that the evidence compels the interpretation of the evidence

2

advocated by [Singh]." *Lianhua Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014).

Finally, the IJ's finding that portions of Singh's testimony were inherently implausible was reasonably based on common sense determinations, and further supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ referenced every piece of Singh's nontestimonial evidence in the record and gave "specific, cogent reason[s]" for according it less weight. *Lin v. Gonzales*, 434 F.3d 1158, 1162 (9th Cir. 2006) (citation omitted). The IJ could reasonably conclude that the value of the affidavit submitted by executive party member Rajinder Singh Fauji was reduced by the inconsistencies in Singh's testimony about how well Fauji knew Singh or would be able to predict whether he would be persecuted if he returned to India. The IJ could also reasonably conclude that the value of the affidavits submitted by family members was reduced because the affiants could not be cross-examined.[1] Based on these findings, the agency did not err in holding that Singh's evidence was insufficient to meet his burden to

---

[1] Singh conceded that the IJ was entitled to accord these affidavits less weight because they were not subject to cross-examination.

show either past persecution or a well-founded fear of future persecution.[2]

Because Singh does not "satisfy the lower standard of proof for asylum," he "necessarily fails to satisfy the more stringent standard for withholding of removal." *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

Singh also argues that he established his eligibility for relief under CAT based on his credible testimony. Because we uphold the IJ's adverse credibility determination, we reject this claim.

**PETITION DENIED.**

---

[2] Singh also argues that the IJ failed to give prior notice that corroborating evidence was needed to carry his burden of proof. This argument is meritless because an applicant is entitled to notice only when the applicant's testimony is "otherwise credible." *Ren v. Holder*, 648 F.3d 1079, 1091 (9th Cir. 2011); *see also Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) ("Wang stumbles at the first step in *Ren*'s sequential analysis, because Wang did not satisfy the IJ that her testimony is credible." (internal quotation marks and citation omitted)).